IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mack Neil Myers, # 241427, ) | C/A No. 0:09-738-HMH-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| State of South Carolina; and ) | |
| Warden of Perry Correctional Institution, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The petitioner, Mack Neil Myers ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254. Petitioner is an inmate at Perry Correctional Institution, a facility of the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of 28 U.S.C. § 1915; the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*).

The Petition has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the petition "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to construe *pro se* petitions liberally. *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Fine v. City of N.Y., 529 F.2d 70, 74 (2d Cir. 1975).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims

that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## FEDERAL HABEAS HISTORY

Petitioner was convicted and sentenced in Darlington County, South Carolina, on March 23, 1997. He previously challenged these convictions in two petitions for a writ of habeas corpus filed in this court.[1] In Civil Action Number 9:01-3109-HMH, the court dismissed petitioner's § 2254 petition and granted the respondent's motion for summary judgment based on the lack of merit in the grounds raised in the petition. The dismissal of Petitioner's first §2254 petition was affirmed by the United States Court of Appeals for the Fourth Circuit in an unpublished opinion. Myers v. State of South Carolina, 54 Fed. Appx. 172 (4th Cir. Jan. 8, 2003) (unpublished). In 2006, Petitioner again challenged his 1997 convictions in this court. In Civil Action Number 9:06-1120-HMH, the court dismissed petitioner's second § 2254 petition as successive, and the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal in an unpublished opinion. Myers v. S.C. Dep't of Corr., 204 Fed. Appx. 321 (4th Cir. Nov. 7, 2006) (unpublished).

---

[1]The court may take judicial notice of proceedings before it in a prior suit with the same parties. Mann v. Peoples First Nat. Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (stating that "'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records'") (quoting 21 C. Wright & K. Graham, Federal Practice & Procedure: Evidence § 5106 at 505 (1977)).



## DISCUSSION

The present petition is the third § 2254 petition seeking habeas relief filed by Petitioner with respect to his 1997 convictions and sentences. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The AEDPA amended 28 U.S.C. § 2244, which currently provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Therefore, before this court may consider a successive § 2254 petition based on Petitioner's 1997 convictions and sentences, Petitioner must obtain pre-filing authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). See, e.g., In re Williams, 330 F.3d 277 (4th Cir. 2003); In re Fowlkes, 326 F.3d 542 (4th Cir. 2003). Petitioner did not obtain authorization from the Fourth Circuit to file his third § 2254 petition. Thus, the court does not have jurisdiction to consider it and the petition must be dismissed.

## RECOMMENDATION

Accordingly, the court recommends that the petition for a writ of habeas corpus be dismissed without prejudice and without requiring a response from the respondents.

_____

April 16, 2009                                   Paige J. Gossett
Columbia, South Carolina             UNITED STATES MAGISTRATE JUDGE

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).